# United States Court of Appeals
# For the First Circuit

_____

No. 23-1657

NORTHWESTERN SELECTA, INC.,

Plaintiff – Appellee,

v.

RAMÓN GONZÁLEZ-BEIRÓ, Secretary of the Puerto Rico Department of Agriculture; ALEX MUÑIZ-LASALLE, Deputy Secretary of the Puerto Rico Department of Agriculture,

Defendants – Appellants.

_____

APPEAL FROM JUNE 28, 2023 JUDGMENT AND OPINION AND ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

_____

### APPELLANTS' REPLY BRIEF

s/Edward W. Hill Tollinche
*273 Sierra Morena* PMB 248
*San Juan, PR 00926*
Tel.: (787) 294-0044
ehill@hillgonzalezlaw.com
USCA No.: 68,363

**TABLE OF CONTENTS**

|   |   | PAGES |
|---|---|---|
| I | INTRODUCTION ……………..…...………………. | 1 |
| II | REPLY ARGUMENTS …………….………...………… | 2 |
|   | 1. *Appellee's expansive reading of the PPIA's preemption statute does not have legal or factual support*…………. | 2 |
|   | 2. *Appellants did not waive its argument related to the interpretation of the PPIA*……………………………….. | 5 |
| III | CONCLUSION …………………………………….. | 6 |

# INDEX OF AUTHORITIES

                                                         **PAGES**

I.     <u>United States Legislation and Rules</u>

Poultry Products Inspection Act's (the PPIA) ………..……………..…     2,3,6

II.     <u>United States Supreme Court</u>

*Cipollone v. Liggett Group*, 505 U.S. 504, 517 (1992)………………….     3,4

*Medtronic, Inc., v. Lohr*, 518 U.S. 470, 485-86 (1996)………………...     3,4

III.     <u>First Circuit and Other Courts of Appeals</u>

*Consumer Data Indus. Ass'n. v. Frey*, 26 F. 4th 1 (1st Cir. 2022)……….     5,6

*National Broiler Council v. Voss*, 44 F. 3d 740, 743 (9th Cir. 1994)…….     2

# APPELLANTS' REPLY BRIEF

TO THE HONORABLE COURT:

**COME NOW** Appellants, the Department of Agriculture of Puerto Rico, Ramón González Beiró, in his official capacity as the Secretary of the Department of Agriculture and Alex Muñiz LaSalle, in his official capacity as the Deputy Secretary of the Department of Agriculture, to respectfully submit their reply brief to the Appellee's Brief.

## I. INTRODUCTION

Appellee, Northwestern Selecta, Inc. (Northwestern), filed its brief on December 19, 2023. In its brief, Northwestern argues in favor of the District Court's expansive reading of the Poultry Products Inspection Act's (the PPIA) preemption statute that prohibits states from regulating "in addition to" or "different than" its requirements to include intermodal freight containers as part of the "facilities, premises and operations" of Appellee's official establishment. The Appellee further argues that Appellants waived their arguments because they supposedly did not raise them before in the District Court.

This reply will show that none of these arguments are valid. The expansive reading does not have legal or factual support, and Appellants most certainly and clearly raised here the same issue it raised below regarding the narrow interpretation of the preemption statute.

## II. REPLY ARGUMENTS

1. *Appellee's expansive reading of the PPIA's preemption statute does not have legal or factual support.*

At issue is whether an intermodal freight container should be considered part of a "facility, premise or operation" within the meaning of Section 467(e) and whether the local requirement that a PRDA officer be present upon opening such containers when such arrive to a Puerto Rico distributor's facilities is preempted by the express terms of the statute. Appellants' have argued below and argue here that delivery vehicles such as an intermodal freight container are outside of the scope, reach and intent of the PPIA's express preemption statute. Appellee, however, promotes an expansive reading of the PPIA's preemption statute. Such reading defies the meaning of the words of the law, the canons for its interpretation, and the stipulated facts. Appellee reasons that <u>if</u> the "opening and unloading" of the intermodal freight containers "occurs at the [Northwestern Selecta's] Facilities," <u>then</u> inspection thereof is an integral part of its operations. Appellee's Br., p. 16-17. According to Northwestern, since the PPIA preempts state regulations related to the "operation of the premises", then any state requirement for the inspection of the intermodal freight containers is preempted by the federal statute.

The reasoning is fundamentally flawed because it ignores the rules of preemption statute interpretation. As Appellants pointed out in their opening brief, express preemption provisions are interpreted narrowly. *National Broiler Council v. Voss*,

44 F. 3d 740, 743 (9th Cir. 1994). A narrow interpretation of preemption statutes flows from the "presumption against the preemption of state police power regulations." *Cipollone v. Liggett Group*, 505 U.S. 504, 517 (1992). Appellants demonstrated by the ordinary meaning of the words and their statutory context that Congress did not mean and could not have meant that an intermodal freight container was part of an official establishment's "premises, facilities and operations." Appellants' Br. 12-15. Appellants also demonstrated by peering into the regulations adopted under the PPIA that "premises, facilities and operations" is related to the internal workings of the official establishment as it relates to the slaughter and processing of poultry meat. Appellants' Br. p. 16-18 And, that Northwestern simply is a receiving and distribution hub for poultry slaughtered and processed elsewhere, poultry that it receives by way of intermodal freight containers. Appellants' Br. p. 29.

"[A]ny understanding of the scope of [the] preemption statute must rest primarily on a 'fair understanding of congressional purpose'." *Medtronic, Inc., v. Lohr*, 518 U.S. 470, 485-86 (1996) quoting *Cipollone v. Liggett Group*, 505 U.S. at 530. Appellants demonstrated that the scope, reach and intent of the preemption statute is related to the sanitation in the processing plants, their premises, the equipment used and the operations related to the slaughter and processing of poultry and poultry products, the storage facilities and handling of the processed poultry, and that it did

3

not concern those things that could tangentially affect the operation of an official establishment be preempted. Appellants' Br. p. 21. As in *Medtronic*, Appellee's "sweeping interpretation of the statute would require far greater interference with state [regulations], producing a serious intrusion into state sovereignty…". *Medtronic, Inc.*, 518 U.S. at 488-89.

Northwestern does not demonstrate through the PPIA's text, congressional intent, administrative regulations or through any judicial interpretation thereof, that Congress ever intended to include intermodal freight container (a delivery vehicle not part of the premises, facilities or operations) as part of an official establishment's premises, facilities and operations within the preemptive scope of the law. "Congress' enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond the reach are not pre-empted." *Cipollone v. Liggett Group*, 505 U.S. at 517. An intermodal freight container is simply beyond the reach of the preemption statute. Therefore, Puerto Rico's requirement to have a Department of Agriculture official present upon opening of an intermodal freight container is not preempted by the PPIA.

Despite Appellants having clearly demonstrated that "premises, facilities and operations" refers to those activities related to the slaughter, handling and packaging of poultry, Northwestern stretches the preemption statute's language to try to cover

4

the opening of an intermodal freight container. It argues that Article XIII(B) implicates its operations because it affects the distribution of products to clients and might affect the shelf life of the products if an inspector is delayed. Appellee's Br. p. 17. The argument also does not have any support in the law, regulations or case law, and would need a judicial interpretation to extend the reach of the preemption statute. But this Court is not a fan of extending a preemption statute's reach beyond Congressional intent. *Consumer Data Indus. Ass'n. v. Frey*, 26 F. 4th 1 (1st Cir. 2022)

    2.    <u>*Appellants did not waive its argument related to the interpretation of the PPIA*</u>.

Appellee contends that the Court should reject arguments related to the interpretation of the PPIA because Appellants only argued to the District Court that the preemption statute did not apply to Puerto Rico's regulatory requirement to have a government officer present at the opening of an intermodal freight container. Appellee's Br., p. 18. It cites *Eldrige v. Gordon Bros. Grp*., LLC 863 F. 3d 66, 84 (1st Cir. 2017) where a plaintiff raised new substantive contract liability theories in an effort to survive summary judgment, and *Kelly v. Riverside Partners, LLC*, 964 F. 3d 107, 115-16 (1st Cir. 2020) where a plaintiff raised a completely different argument for not being liable for attorneys' fees. In both of these cases, the "new" arguments not raised to the Court below were rejected.

In this case, rejection or waiver should not apply. PRDA indeed argued before the District Court that the PPIA's express preemption statute's scope did not include

an intermodal freight container, pointing to the language of the PPIA and its regulations. Appx. p. 421-428. PRDA specifically referenced and argued what the PPIA and regulations regulated; referenced and argued what "premises, facilities and operations" means under the PPIA and its regulation; and based on the federal law and regulations that the requirement of being present at the opening of an intermodal freight container was beyond the scope of the preemption statute. In its brief to this Court, Appellants made the very same argument. Any difference is simply due to the provision of additional citations to authorities in support of its contention that the District Court gave an expansive reading to what should have been a narrowly construed preemption statute. *See* in contrast *Consumer Data Indus. Ass'n. v. Frey*, 26 F. 4th at 11 where the plaintiff argued express preemption but did not develop an implied preemption argument which was deemed waived.

### III. CONCLUSION

Appellee favors the District Court's expansive reading of the PPIA's preemption statute so that it can be free from local government regulations under the guise of preemption. But, Appellee's flawed reasoning is contrary to statutory and regulatory language, this Court's and the Supreme Court's canons of preemption statutory interpretation and to other court interpretations of the PPIA's scope, reach and intent, as well as of the interpretations of similar express preemption statutes. The identical argument was made to the District Court. Accordingly, Appellant requests

that the Court reject Appellee's arguments and reverse the District Court.

Respectfully submitted,

s/ Edward W. Hill
Edward H. Hill
The Law Offices of Edward W. Hill
273 Sierra Morena PMB 248
San Juan, PR 00926
Telephone: (787) 294-0044

January 3, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system on this 3rd day of January, 2024.

s/ Edward W. Hill

## CERTIFICATE OF COMPLIANCE

I certify that the attached brief is proportionately spaced, has a typeface of 14 points, and that it does not exceed of the fifteen (15) pages. This Brief contains 1,389 words, excluding the parts of specified in the Rules of Appellate Procedure.

In San Juan, Puerto Rico this 3rd day of January, 2024.

s/ Edward W. Hill

# COUNSEL LISTING

On behalf of Appellant, counsel is as follows:

    Edward W. Hill-Tollinche, Esq.
    The Law Offices of Edward W. Hill
    273 Sierra Morena PMB 248
    San Juan, PR 00926
    Telephone: (787) 294-0044
    ehill@hillgonzalezlaw.com

On behalf of Appellee, counsel is as follows:

**PIETRANTONI MENDEZ & ALVAREZ, LLC**

Néstor M. Méndez Gómez
USCA No.: 19557

María D. Bertólez Elvira
USCA No.: 87568

María Elena Martínez Casado
USCA No.: 1189857

208 Ponce De León Ave., 18th Floor
San Juan, PR 00918
Tel: 787-505-0644
E-mail: mmartinez@pmalaw.com